Filed 7/29/22  P. v. Woods CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B316628 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA037804) |
| v. | |
| ANDRE LAMONT WOODS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal; Andre Woods, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In March 1999, after a jury found Andre Lamont Woods guilty of numerous sexual and other offenses, the trial court sentenced him to 82 years and four months to life in state prison. The court imposed a $10,000 restitution fine under Penal Code section 1202.4, subdivision (b).[1]  In February 2000, we affirmed the judgment, with directions to the trial court that are not germane to this appeal.  (*People v. Woods* (Feb. 16, 2000, B130961 [nonpub. opn.].)

In September 2021, Woods, as a self-represented litigant, filed a "Motion to Dismiss Restitution," asserting the trial court should dismiss the $10,000 restitution fine "pursuant to the authority of newly enacted Assembly Bill 1869."  (Assem. Bill No. 1869 (2019-2020 Reg. Sess.) Stats. 2020, ch. 92.)  On September 28, 2021, the trial court issued an order summarily denying the motion, stating "there is no need to conduct an ability to pay hearing at this time because Petitioner was sentenced to state prison in which Petitioner has the ability to earn prison wages."

Woods appealed, and this court appointed counsel for him. After examination of the record, counsel filed an opening brief stating she had found no arguable issues to raise on appeal and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  We sent a letter to Woods and his appointed counsel, advising Woods that within 30 days he could "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that [he] wishes this court to consider."  Woods filed a supplemental brief.

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

Because Woods's appeal is from an order denying post-conviction relief, and not his first appeal of right from his conviction, he is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*Serrano, supra*, 211 Cal.App.4th at p. 503.)[2] He is entitled, however, to our review of contentions set forth in the supplemental brief he filed. (See *Serrano*, at p. 503; cf., *Ben C., supra*, 40 Cal.4th at p. 544, fn. 6.)

In his supplemental brief, Woods does not set forth a legal argument in support of his motion to strike the restitution fine. Instead, he explained that at the time he filed his supplemental brief, he still owed $9,562.59 of the original $10,000 restitution fine after 23 years in prison, and it is difficult to support his needs in prison with the money he receives after the restitution payment is taken from his prison wages. Woods does not cite any authority, and there is none, which would allow us to review his ability to pay claim at this juncture, more than 20 years after the judgment imposing the restitution fine in this case became final.

In his motion—but not in his supplemental brief—Woods referenced Assembly Bill No. 1869, which was designed "to

---

[2] Under *Serrano*, in a criminal appeal in which *Wende* does not apply, counsel who finds no arguable issues is still required to (1) inform the court that counsel has found no arguable issues to be pursued on appeal; (2) file a brief setting out the applicable facts and law; (3) provide a copy of the brief to appellant; and (4) inform the appellant of the right to file a supplemental brief. (*Serrano, supra*, 211 Cal.App.4th at p. 503, citing *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*).) Woods's counsel has complied with these responsibilities.

eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2020, ch. 92, § 2.; *People v. Clark* (2021) 67 Cal.App.5th 248, 259.) Assembly Bill No. 1869 had no effect on restitution fines imposed under section 1202.4, subdivision (b) and, thus, does not provide a means for reduction or reversal of Woods's restitution fine.[3]

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

---

[3] In his supplemental brief, Woods also argues that in 1999, the trial court should have sentenced him to concurrent terms rather than consecutive terms for his offenses. This argument is not pertinent to the matter before us on appeal—Woods's motion to strike the restitution fine. Moreover, as stated above, the judgment became final more than 20 years ago, and Woods has no cause to challenge this aspect of his sentencing at this juncture.